Travis C. Mills
Regina Harrell Mills
6950 Westlake Road
Sterlington, Louisiana 71280
(318) 680-6770
traviscmillstrucking@yahoo.com
pro se

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVIS C. MILLS AND REGINA H. MILLS<br><br>Plaintiff,<br><br>V.<br><br>ROCKET MORTGAGE, LLC F/K/A QUICKEN LOANS, LLC; JUDGE WALTER M. CALDWELL IV in his official capacity; SHERIFF MIKE TUBBS in his official capacity; HERSCHEL C. ADCOCK JR as the attorney of ROCKET MORTGAGE in his official capacity<br><br>Defendants | CASE NO: 3:25CV-239<br><br>**PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**REQUEST IN EQUITY AND DEMAND FOR JURY TRIAL** |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

NOW INTO COURT, appearing pro se, come Plaintiffs, Travis C. Mills and Regina Harrell Mills, who respectfully file this Second Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a)(2) and allege as follows:

### I. INTRODUCTION

1. This civil action arises not from any appeal of a foreclosure judgment, but from an independent and collateral attack on the fraudulent conduct surrounding the execution of a mortgage contract and the unlawful sale of Plaintiffs' property after federal removal. Plaintiffs Travis C. Mills and Regina H. Mills assert that the Defendants engaged in

1

deceptive practices, violated federal lending and debt collection statutes, falsified court filings, and proceeded with a sheriff's sale in violation of federal law and Plaintiffs' constitutional rights. These claims challenge the unlawful conduct of the parties—not the validity of the foreclosure judgment itself—and therefore do not implicate the Rooker-Feldman doctrine or principles of res judicata. Plaintiffs seek compensatory and injunctive relief for the harm suffered as a direct result of these independent violations.

2. Plaintiffs Travis C. Mills and Regina H. Mills, pro se, file this Second Amended Complaint against Defendants Rocket Mortgage, LLC, Herschel C. Adcock, Jr., Judge Walter M. Caldwell, IV, and Sheriff Mike Tubbs, pursuant to Federal Rule of Civil Procedure 15(a)(2). This action arises from a fraudulent foreclosure sale of Plaintiffs' property at 6950 Westlake Road, Sterlington, LA 71280, on February 26, 2025, conducted after removal to this Court, in violation of federal and state law. Plaintiffs respectfully request the Court's leniency in construing this pleading, as they proceed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, as the action arises under federal law, including the Truth in Lending Act (TILA, 15 U.S.C. § 1641(g)), Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. § 1692 et seq.), 14th Amendment (42 U.S.C. § 1983), and Racketeer Influenced and Corrupt Organizations Act (RICO, 18 U.S.C. § 1961 et seq.). Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367.

2. Alternatively, jurisdiction exists under 28 U.S.C. § 1332, as Plaintiffs are Louisiana residents, Defendant Rocket Mortgage is a Michigan entity, and the amount in controversy

exceeds $75,000, with the property valued at $315,000 (recorded in the Cash Deed, May 18, 2022).

3. Venue is proper under 28 U.S.C. § 1391(b), as the events occurred in Sterlington, Morehouse Parish, within this District.

4. This case was removed from the 4th Judicial District Court, Morehouse Parish (Docket No. 2024-513), on February 26, 2025, pursuant to 28 U.S.C. § 1441. The state court was divested of jurisdiction, and all proceedings were stayed under 28 U.S.C. § 1446(d). *Meyer v. OneWest Bank*, F.S.B., 91 F. Supp. 3d 1177 (C.D. Cal. 2015).

### III. PARTIES

1. Plaintiffs Travis C. Mills and Regina H. Mills are residents of Sterlington, Louisiana, and owners of the property at 6950 Westlake Road, Sterlington, LA 71280.

2. Defendant Rocket Mortgage, LLC, f/k/a Quicken Loans, LLC, is a Michigan corporation operating in Louisiana, responsible for the mortgage and foreclosure proceedings.

3. Defendant Herschel C. Adcock, Jr., is an attorney in Baton Rouge, Louisiana, acting as counsel for Rocket Mortgage in the foreclosure proceedings.

4. Defendant Judge Walter M. Caldwell, IV, is a judge of the 4th Judicial District Court, Morehouse Parish, sued in his official capacity for actions facilitating the unlawful sale.

5. Defendant Sheriff Mike Tubbs is the Sheriff of Morehouse Parish, sued in his official capacity for conducting the unlawful foreclosure sale.

### IV. FACTUAL ALLEGATIONS

3

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

1. On or about May 13, 2022, Plaintiffs, without knowledge of their lack of legal title at the time, were induced into executing a mortgage agreement with Rocket Mortgage in the amount of $305,550. The Plaintiffs were not informed that they did not yet possess legal seisin to convey a mortgage interest, and the documentation provided failed to disclose that the lender was securing a lien on a property the Plaintiffs had not yet officially acquired. This deceptive omission left Plaintiffs under the impression that the transaction was legally sound and complete. The foreclosure proceedings were later initiated on or about June 1, 2024, against Plaintiffs' property at 6950 Westlake Road, Sterlington, LA 71280. The property was recorded at $315,000 in the Cash Deed signed on May 18, 2022 and discovered in the recorder's office in February 2025. At the time Plaintiffs executed the mortgage, they had not yet received legal title to the property as required under Louisiana Civil Code article 517. In Louisiana, 'seisin' refers to the legal right to possess and enjoy property, often tied to ownership. La. Civ. Code art. 477 defines ownership as the right to use, enjoy, and dispose of property, subject to legal or contractual limits. Lawful seisin vests upon deed execution. See La. Civ. Code art. 2452; *Hoover v. Smith*, 451 So. 2d 1293, 1296 (La. App. 3 Cir. 1984). Therefore, Plaintiffs could not have lawfully conveyed a security interest to Rocket Mortgage, as they were not 'lawfully seised' of the estate. The inclusion of such a covenant in the mortgage constituted a material misrepresentation of fact, voiding the agreement or rendering it voidable. See *U.S. Bank Nat'l Ass'n v. Ibanez*, 941 N.E.2d 40 (Mass. 2011); La. Civ. Code art. 1953; *Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995). See *U.S. Bank Nat'l Ass'n v. Ibanez*, 941 N.E.2d 40 (Mass. 2011); La. Civ. Code art. 1953; *Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995).

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

2. Rocket Mortgage failed to provide a separate and conspicuous TILA Disclosure Statement, instead embedding critical loan terms within the body of the mortgage contract, making them difficult to identify or understand. Moreover, Rocket Mortgage failed to disclose whether a down payment was made or required, concealing important financial obligations. These omissions deprived Plaintiffs of the ability to make informed financial decisions, constituting violations of 15 U.S.C. § 1601 et seq. and a deceptive lending practice under both federal and state consumer protection laws.

3. The mortgage and note were separated, rendering the contract unenforceable:

   a. The mortgage's confession of judgment clause (Section 22, Page 22), critical for executory process under La. Code Civ. Proc. art. 2632, is absent from the promissory note and not conspicuously disclosed in the mortgage. Written in 10-point font, not bolded or highlighted, and buried in a dense paragraph, it was not separately explained in closing documents (Pages 1–8), violating TILA's requirement for clear disclosure of material terms (15 U.S.C. § 1638; 12 C.F.R. § 226.17) and Louisiana's requirement for clear intent to waive due process rights. Buckner v. Carmack, 272 So. 2d 326, 330 (La. 1973). If Plaintiffs lacked title due to the Cash Deed delay, the confession is void. The obscure disclosure and potential invalidity render the executory process defective, voiding the foreclosure.

   b. The mortgage imposed escrow and insurance obligations (Sections 3, 5, Pages 12, 14) not in the note, not conspicuously disclosed.

   c. The mortgage waived legal rights not waived in the note, including due process via the confession.

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

    d.    The mortgage listed $305,550, while the Cash Deed recorded $315,000, indicating deceptive practices. *Carpenter v. Longan*, 83 U.S. 271 (1872); *Eaton v. Federal National Mortgage Association*, 462 Mass. 569 (2012).

4. On December 10, 2024, Caldwell signed a foreclosure order in Docket No. 2024-513, based on fraudulent documents submitted by Rocket Mortgage and Adcock, as an administrative act not protected by judicial immunity. *Forrester v. White*, 484 U.S. 219 (1988).

5. On February 26, 2025, Plaintiffs filed a Lis Pendens in Morehouse Parish, notifying all parties of this federal action.

6. On February 26, 2025, Plaintiffs removed the case to this Court, staying state court proceedings. 28 U.S.C. § 1446(d).

5. On February 23, 2025, at 11:15 CST, Plaintiffs filed a Motion to the Clerk in the state court (Exhibit A, attached), notifying the court of falsified foreclosure records, including Cajun Title Agency's misrepresentation as a licensed attorney. Plaintiffs also attached supporting documentation demonstrating that Cajun Title Agency was listed on official mortgage documents as both the title insurer and as the attorney providing legal opinion, despite lacking any verifiable licensure with the Louisiana State Bar. This misrepresentation directly violated La. R.S. 37:212 and contributed to Plaintiffs' inability to make an informed choice about title services, constituting both fraud and a deceptive trade practice. The motion further advised the court of inconsistencies in the foreclosure filings that warranted immediate review prior to any sale or transfer of the property

6. On February 26, 2025, at 9:00 a.m., Plaintiffs filed a Notice of Removal and a Lis Pendens in the United States District Court. Plaintiffs immediately proceeded to the

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

foreclosure sale location to personally notify the Morehouse Parish Sheriff's Office of the pending federal removal and Lis Pendens before the sale commenced. Despite this actual and timely notice, the sheriff proceeded with the sale. Only after the sale was completed did Plaintiffs file the Notice of Removal with the state court clerk. While the technical requirements of 28 U.S.C. § 1446(d) were not completed until later that day, Defendants and the sheriff's office were on actual notice of the pending federal litigation and removal. Proceeding with the sale under such circumstances constitutes a knowing violation of the automatic stay provisions, a denial of due process, and bad faith conduct that renders the sale void or voidable.

7. The sale was fraudulent and procedurally defective, as evidenced by Defendants' own exhibits (filed March 6, 2025, Document 6):

   a. Altered Documents: Exhibits C and D, filed by Rocket Mortgage and Adcock in Docket No. 2024-513 on or about January 15, 2025, show visible alterations (e.g., "5" written over "4" using white-out), misrepresenting terms to facilitate the sale.

   b. Sale Price Misrepresentation: Exhibit B, the sheriff's sale record, shows the property sold for $126,000 on February 26, 2025, but Defendants falsely claimed $35,000 in related filings.

   c. Lis Pendens Violation: Adcock's representative purchased the property on behalf of Rocket Mortgage, LLC, as demonstrated in the Sheriff's receipt, on February 26, 2025, despite the Lis Pendens, violating La. Code Civ. Proc. art. 3751.

   d. Cajun Title Misrepresentation: On January 30, 2025, Cajun Title Agency, Rocket Mortgage's agent, falsely represented itself as a licensed attorney in the Louisiana Title

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Insurance Rider (referenced in Defendants' filings), violating La. R.S. 37:212. Plaintiffs were denied the choice of their own title company.

e. Lack of Notice: Caldwell and Tubbs conducted the sale without notice to Plaintiffs, violating La. Code Civ. Proc. art. 2632 and due process. *Fuentes v. Shevin*, 407 U.S. 67 (1972).

8. The sale is void due to the automatic stay violation. Although the Notice of Removal was not yet filed with the state court at the time of the sale, Defendants and the sheriff's office had actual and timely notice of the removal through Plaintiffs' personal appearance and documented filings in federal court. Under these circumstances, proceeding with the sale violated the spirit and purpose of 28 U.S.C. § 1446(d). See *Meyer v. OneWest Bank, F.S.B.*, 91 F. Supp. 3d 1177 (C.D. Cal. 2015).

9. Defendants' actions caused Plaintiffs to lose their property, suffer financial harm, and endure emotional distress.

## V. CLAIMS FOR RELIEF

**COUNT 1: VIOLATION OF TRUTH IN LENDING ACT (15 U.S.C. § 1641(g), § 1601 et seq.)**

1. Rocket Mortgage failed to notify Plaintiffs of the mortgage assignment on or about May 13, 2022, and failed to provide a separate TILA Disclosure Statement or disclose down payment terms, violating 15 U.S.C. § 1641(g) and § 1601 et seq.

2. These failures caused Plaintiffs financial harm and loss of property rights.

## COUNT 2: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.)

1. Rocket Mortgage and Adcock used falsified documents submitted by Defendants (Exhibits C, D) and misrepresented the sale price ($35,000 vs. $126,000, Exhibit B) from January 15, 2025, to February 26, 2025, violating 15 U.S.C. § 1692e (false representations) and § 1692f (unfair practices).

2. Plaintiffs suffered financial and emotional harm.

## COUNT 3: 14TH AMENDMENT DUE PROCESS VIOLATION (42 U.S.C. § 1983)

1. Caldwell and Tubbs, acting under color of state law, deprived Plaintiffs of property rights without due process by conducting the sale on February 26, 2025, without proper notice, violating the 14th Amendment and La. Code Civ. Proc. art. 2632.

2. Rocket Mortgage and Adcock conspired with Caldwell and Tubbs, making them liable under § 1983.

3. Plaintiffs seek injunctive relief to set aside the sale and damages. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

## COUNT 4: RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. § 1961 et seq.)

1. Defendants formed an enterprise to fraudulently foreclose on Plaintiffs' property, engaging in mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) from January 15, 2025, to February 26, 2025, via falsified documents (Exhibits C, D) and sale price misrepresentation (Exhibit B).

2. This pattern of racketeering caused Plaintiffs to lose their property, entitling them to treble damages under 18 U.S.C. § 1964(c).

## COUNT 5: FRAUD (La. Civil Code art. 1953)

1. Rocket Mortgage, Adcock, and Cajun Title intentionally misrepresented the foreclosure process, document authenticity (Exhibits C, D), sale price ($35,000 vs. $126,000), and Cajun Title's status as an attorney, from January 15, 2025, to February 26, 2025, to deceive Plaintiffs.

2. Plaintiffs relied on these misrepresentations, suffering loss of property and financial harm.

## COUNT 6: UNJUST ENRICHMENT (La. Civil Code art. 2298)

1. Defendants were enriched by the fraudulent sale, retaining $126,000 while misrepresenting a $35,000 price, at Plaintiffs' expense, with no legal cause.

2. Plaintiffs seek restitution.

## COUNT 7: QUIET TITLE

1. The February 26, 2025, sale is void due to the automatic stay violation, fraud, and lack of notice.

2. Plaintiffs seek a decree quieting title to 6950 Westlake Road in their favor.

## COUNT 8: CIVIL CONSPIRACY

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

1. Defendants conspired to defraud Plaintiffs and conduct an unlawful sale, coordinating falsified documents, misrepresentations, and the Lis Pendens violation, from January 15, 2025, to February 26, 2025.

2. Plaintiffs suffered damages from this conspiracy.

## VI. REQUEST FOR RELIEF

Plaintiffs respectfully request:

    a.    Compensatory damages for loss of property, financial harm, and emotional distress;

    b.    Treble damages under RICO (18 U.S.C. § 1964(c));

    c.    Injunctive relief setting aside the February 26, 2025, sale and quieting title;

    d.    Restitution for unjust enrichment;

    e.    Punitive damages for fraud and conspiracy;

    f.    Investigation into Defendants' actions, with referral to the Louisiana Judiciary Commission (Caldwell) and Louisiana State Bar Association (Adcock) for disciplinary review;

    g.    Such other relief as the Court deems just and proper.

Respectfully submitted,

*Travis C. Mills*

By: *Regina Harrell Mills*

Travis C. Mills
Regina Harrell Mills
6950 Westlake Road
Sterlington, Louisiana 71280
(318) 680-6770
traviscmillstrucking@yahoo.com
Pro Se

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFFS' SECOND AMENDED COMPLAINT has been served upon all Defendants by certified mail, return receipt requested, and/or by electronic filing where applicable, in accordance with the Federal Rules of Civil Procedure including:

Ronnie J. Berthelot
Attorney for Rocket Mortgage LLC and
Herschel C Adcock, Jr
Berthelot Law Firm
1660 Thibodeaux Ave
Baton Rouge, La 70806

Gustave A. Fritchie, III
Attorney for Judge Walter M. Caldwell IV
400 Poydras St Ste 2700
New Orleans, La 70130

Sheriff Mike Tubbs
351 S. Franklin Street, Bastrop, Louisiana 71220

This the 21st of April 2025.


Respectfully submitted,

Travis C. Mills
Regina Harrell Mills
6950 Westlake Road
Sterlington, Louisiana 71280
(318) 680-6770
traviscmillstrucking@yahoo.com
Pro Se Plaintiffs

**PLAINTIFFS' SECOND AMENDED COMPLAINT**